IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LARRY RANDALL HODGE                                              PLAINTIFF

vs.                              Civil No. 1:12-cv-01113

CAROLYN W. COLVIN                                               DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Larry Randall Hodge ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his application

for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The

parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings

in this case, including conducting the trial, ordering the entry of a final judgment, and conducting

all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this

memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed an application for DIB on April 9, 2010.  (Tr. 13, 126-127).

Plaintiff alleged he was disabled due to diabetes, diabetic neuropathy, and high blood pressure.  (Tr.

157).  Plaintiff alleged an onset date of January 1, 2010.  (Tr. 126).  This application was denied

initially and again upon reconsideration.  (Tr. 67-71).   Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for
this case are referenced by the designation "Tr."

1

administrative hearing on his application and this hearing request was granted.  (Tr. 74-75).

Plaintiff's administrative hearing was held on April 20, 2011.  (Tr. 27-64).  Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-nine (59) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had a high school education, along with vocational training.  (Tr. 31-32).

On May 26, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 13-23).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014.  (Tr. 15, Finding 1).  The ALJ also determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") between January 1, 2010 through January 1, 2011.  (Tr. 15, Finding 2).  The ALJ also found Plaintiff had not engaged in SGA since January 2, 2011.  (Tr. 16, Finding 3).

The ALJ determined Plaintiff had the severe impairments of diabetes mellitus, neuropathy with numbness in feet/hands, and hypertension.  (Tr. 16, Finding 4).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 16, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-22).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform a limited range of light work, including the ability to stand or walk for four (4) hours in an eight (8) hour work day due to numbness in feet.  (Tr. 16-17, Finding 6).  Plaintiff could also occasionally climb, crouch, kneel, stoop, and crawl.  *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 22, Finding 7).  The ALJ found Plaintiff able to perform his PRW as a mechanical drafter and city manager (mayor).  *Id.* The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, from January 1, 2010, through the date of the decision.  (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision. (Tr. 1-3).  On December 7, 2012, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 20, 2012.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 7, 8.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7, Pg. 3-11. Specifically, Plaintiff claims the ALJ erred: (1) in finding Plaintiff did not engage in SGA from January 1, 2010 through January 1, 2011, (2) in the credibility determination of Plaintiff, and (3) in his questioning of the VE. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 8.

### A. Substantial Gainful Activity

In this matter, the ALJ determined Plaintiff had engaged in SGA between January 1, 2010 through January 1, 2011. (Tr. 15, Finding 2). Plaintiff argues this finding was made in error by the ALJ. Plaintiff served as Mayor of Huttig, AR from 1999 through the end of 2010 when he lost his bid for reelection. (Tr. 33). According to Plaintiff, he was paid $14,000 a year, or $1166.00 a month, beginning in 1999. (Tr. 34). However, in 2010, Plaintiff requested his salary be lowered to $995.00 a month. *Id.*

As noted above, the Social Security regulations require the ALJ to follow a sequential procedure in analyzing disability claims. At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. If the ALJ finds a claimant is engaged in substantial gainful activity, then the claimant must be found not disabled regardless of medical condition, age, education, or work experience. *See* 20 C.F.R. § 404.1520(b). Substantial gainful activity is work that is both substantial and gainful. Substantial work activity is work that involves doing significant physical or mental activities. Gainful work activity is work activity that one does for pay or profit, whether or not a profit is realized. *See* 20 C.F.R. § 404.1572.

The ALJ found the amount of average monthly earnings that ordinarily demonstrates SGA

for individuals with an impairment, other than blindness, was $1,000.00 for reporting year 2010. (Tr. 15-16). *See* 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). In determining whether a claimant is substantially gainfully employed, criteria such as the level of earnings from work is relevant. If a claimant has worked for substantial earnings, it will be presumed the claimant can perform SGA. *See* 20 C.F.R. § 404.1574(a)(1). Earnings in excess of $1,000.00 per month for 2010 would be considered SGA. *See* 20 C.F.R. §404.1574(b)(2)(ii).[2]

The ALJ reviewed the evidence of record and determined Plaintiff had intentionally manipulated his earnings for the purpose of narrowly avoiding the $1000.00, monthly presumptive level of earnings at the SGA level. (Tr. 15-16). Plaintiff earned $1166.00 per month as Mayor for several years prior to 2010. (Tr. 133). As discussed above, SGA is calculated at $1000.00 per month in 2010. Substantial evidence supports the ALJ's conclusion Plaintiff manipulated his earnings by reducing them to $995.00 per month, just $5.00 per month below the SGA level. By the Plaintiff's own admission this figure was based on a level of compensation he came up with himself, while at the same time continuing to serve as Mayor. (Tr. 36).

Pursuant to the provisions of 20 C.F.R. § 404.1574(b)(3)(ii) the ALJ was allowed to consider other information in addition to earnings to determine if Plaintiff was engaging in substantial gainful activity because he was in a position to control when earnings were paid and the amount of wages paid. Plaintiff testified he determined the amount he was paid monthly, which he lowered to $995.00 a month. (Tr. 34)

The ALJ properly considered the facts and determined Plaintiff performed work at the SGA

---

[2] The Social Security Administration has determined the average monthly earnings amount which constitutes substantial gainful activity for years 1975-2010. These monthly earning amounts can be found at http://www.ssa.gov/OACT/COLA/SGA.html.

level during all of 2010, and he would have continued to do so, but for the loss of the election.  As Plaintiff testified, he would have continued to have been mayor had he not lost reelection.  (Tr. 37-38).  Therefore, Plaintiff's allegation that the ALJ erred in determining SGA is without merit.

### B. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination.  ECF No. 7, Pages 9-10. In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*.  ECF No. 8, Pages 7-12.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v.*

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of her impairments and did not fully consider his subjective complaints as required by *Polaski.* The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski.*

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 404.1529, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 17, 19-21). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff's medication has been effective in controlling his symptoms with no side effects, and (5) Plaintiff's testimony indicated an intention to return to work. *Id.*

8

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### C. Questioning of Vocational Expert

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform his PRW. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform his PRW as a mechanical drafter and city manager (mayor). This Court finds the ALJ's determination that Plaintiff has the RFC to perform his PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir.

2001).   Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.   *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform a limited range of light work, including the ability to stand or walk for four (4) hours in an eight (8) hour work day due to numbness in feet. (Tr. 16-17, Finding 6).  Plaintiff could also occasionally climb, crouch, kneel, stoop, and crawl.  *Id.* The ALJ went on to find Plaintiff's PRW as a mechanical drafter and city manager (mayor) did not require performance of work-related activities precluded by the Plaintiff's RFC.  (Tr. 22-23).  As a result, the ALJ determined Plaintiff had not been under a disability at anytime through the date of his decision.  (Tr. 23).

While VE testimony at step four of the sequential evaluation is not necessary to meet the burden, the ALJ may consider VE testimony at step four.  *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007).  A VE's responses to a properly posed hypothetical question at step four provides substantial evidence to support the ALJ's finding that an individual can return to performing past relevant work.  *Depover v. Barnhart*, 349 F.3d 563,567 (8th Cir. 2003).

In support of the ALJ's findings is the fact that when asked to consider an individual of the same age as Plaintiff, with same educational background, work history and RFC of the Plaintiff, the VE stated such an individual could perform the PRW of Plaintiff.  (Tr. 59-62).  As testified  by the VE, Plaintiff's work as described is consistent with the ALJ's RFC determination.  *Id.*  Further support for the ALJ's decision regarding Plaintiff's ability to perform his PRW is based on Plaintiff's testimony that he was intending to continue to serve as Mayor had he not lost his reelection bid.  (Tr. 37).

There is substantial evidence of record to support the ALJ's RFC finding and conclusion,

based upon proper VE testimony, that Plaintiff remains capable of performing his PRW.

**4. <u>Conclusion:</u>**

  Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

  **ENTERED** this **30th day of December 2013.**

/s/   Barry A. Bryant   
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE
